THE STATE, JOHN MILLER, PROSECUTOR, v. JACOB M. STOUT AND OTHERS.

1. A *certiorari* in a road case should be entitled as against the applicants, and not as against the court.
2. It is a good objection to the return of a road, that the surveyors assessed damages in favor of an applicant who was one of the ten required by law, and who was induced to become so by a promise of damages; and this objection may be made by a prosecutor through whose lands the road was laid.

---

The reasons assigned for setting aside the return of a road, were argued before Justices ELMER, BEDLE, and DALRIMPLE, by *Mr. Pitney* for the prosecutor, and *Mr. Vanatta* for the applicants for the road.

The opinion of the court was delivered by

ELMER, J.   The *certiorari* in this case is wrongly entitled as between the state and the Court of Common Pleas, to which it is properly directed; but it may be amended, by making it, as it ought to be, against the applicants for the road.

The prosecutor is one of the landholders through whose land the road was laid.   He objects to the proceedings of the surveyors, because it appears that they assessed two hundred dollars damages to Jacob C. Lindaberry, whose name appears among the applicants for the road, there being only ten, including him.   It is very evident that he was induced to become an applicant by being promised damages before he

signed the application. Whether the surveyors knew this fact or not, they were bound to know he was one of the applicants for the road whose name was affixed to the petition, and must be held to have wilfully violated the law. In my opinion, it is not a sufficient answer to this objection, to say, as was insisted by the counsel for the applicants, that Mr. Miller was not injured by damages being assessed wrongfully to another land owner. I concur in the opinion expressed in the case of *The State* v. *Snedeker*, 1 *Vroom* 82, that every citizen is interested, more or less, in every highway, and has a right to submit any questions affecting such interests to the courts. But besides this general interest, Miller has a right to require that his land shall not be taken from him for the public use, although he is paid for it, in violation both of the letter and spirit of the law.

The case is very different from that of *The State* v. *Cake*, 4 *Zab.* 518, in which it was held that the prosecutors of a *certiorari* in a road case, cannot take advantage of the fact that no damages were awarded to a landholder who does not complain. The omission to award damages to a person entitled to them, injures no other person. But the illegal assessment of damages, to an applicant who would not otherwise have applied for the road, not only injures the township which has to pay the damages, it also injures every opponent of the road, and contravenes the policy of the law, which, as was held in the case of *Smith* v. *Applegate*, 3 *Zab.* 357, intrusts the application for the road and the opposition, to private hands. As such, they are public procurators, occupying this position voluntarily, but while occupying it, acting no less for the public than for themselves.

In my opinion the return must be set aside.

CITED *in Frame* v. *Boyd*, 6 *Vr.* 457 ; *State, Gregory, pros.,* v. *Jersey City*, 5 *Vr.* 399.